1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Defendant Apple Inc.'s Notice of Removal and
Removal of Action to Federal Court

933145.1

Ex. A 000001

*04-22-15*
*10:17 AM*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Apple Inc., a California corporation; and DOES 1 through 300, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STACEY WALKER, individually, and TYLER WALKER, individually,
on behalf of themselves and all others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **04/17/2015** at 04:50:34 PM |
| Clerk of the Superior Court |
| By Justin Jones, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Hall of Justice | *(Núm.)* 37-2015-00012943-CU-OE-CTL |
| 330 West Broadway, San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: 04/20/2015 | Clerk, by | J. Jones | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Apple Inc., a California corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 04-22-15

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Ex. A 000002

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/17/2015** at 04:50:34 PM

Clerk of the Superior Court
By Justin Jones,Deputy Clerk

JEFFREY L. HOGUE (SBN 234557)
TYLER J. BELONG (SBN 234543)
BRYCE A. DODDS (SBN 283491)
DREW R. FERRANDINI (SBN 285102)
**HOGUE & BELONG**
430 Nutmeg Street, Second Floor
San Diego, CA 92103
Tel: (619) 238-4720
Fax: (619) 270-9856

Attorneys for Plaintiffs

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| STACEY WALKER, individually, TYLER WALKER, individually and on behalf of all others similarly situated; TYLER WALKER, and on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>APPLE INC., a California corporation; and DOES 1 through 300, inclusive.<br><br>          Defendants. | CASE NO.:   37-2015-00012943-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1.   **Violation of IWC Wage Order 4-2001(7)(B); Cal. Code of Regs., Title, 8, § 11040(7)(B); Cal. Labor Code § 226—Failure to Furnish Wage Deduction Statement at End of Employment;**<br><br>2.   **Violation of California Business and Professions Code §§ 17200 et seq. – Unfair Business Practices;**<br><br>3.   **Violation of California Labor Code §§ 2698, et seq.—Private Attorneys General Act of 2004.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Stacey Walker and Tyler Walker, on behalf of themselves and all others similarly situated, demanding trial by jury, complain and allege upon information and belief as follows:

-1-

CLASS ACTION COMPLAINT FOR DAMAGES

Ex. A 000003

## INTRODUCTION

1. Plaintiffs Stacey Walker and Tyler Walker bring this class and representative action on behalf of themselves and all others similarly situated (collectively "Plaintiff Class") who have sustained injuries or incurred damages arising from defendant Apple Inc.'s deliberate violations of the wage and hour laws of the State of California by, *inter alia*, Apple's failure to provide wage statements to its non-exempt employees once their employment relationship with Apple ended.

2. Stacey Walker and Tyler Walker each petition this Court to allow them to represent and prosecute claims against each defendant in class action proceedings on behalf of all those similarly situated who are residents of the State of California.

## JURISDICTION AND VENUE

3. This class action is brought under California Code of Civil Procedure section 382. The monetary damages and restitution sought by Stacey Walker, Tyler Walker, and Plaintiff Class exceed the minimal jurisdictional limits of the Superior Court.

4. This Court has jurisdiction over this action under the California Constitution, Article VI, section 10, which grants the Superior Court, "Original jurisdiction in all causes except those given by statute to other courts." The statutes which this action is brought do not specify any other basis for jurisdiction.

5. This Court has jurisdiction over Apple because upon information and belief, Apple is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

6. Venue as to Apple is proper in this judicial district under California Code of Civil Procedure sections 395(a) and 395.5 as a portion of the acts complained of herein occurred in the County of San Diego. Many of the injuries to numerous members in the Plaintiff Class occurred in the County of San Diego. Apple either owns, maintains offices, transacts business, has an agent or agents within the County of San Diego, or otherwise is found within the County of San Diego. Apple employed both Stacey Walker and Tyler Walker in the County of San Diego.

-2-

Ex. A 000004

## THE PARTIES

7.     Stacy Walker and Tyler Walker are each individuals and residents of the State of California, and at all relevant times, were non-exempt Apple employees.

8.     Apple is a California corporation with its principal place of business in California. It employs approximately 18,000 non-exempt employees who reside in the State of California.

9.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise of defendant DOES 1 through 300, inclusive, are unknown to Stacey Walker and Tyler Walker who therefore sue Apple by such fictitious names under California Code of Civil Procedure section 474. Stacey Walker and Tyler Walker will either seek leave to amend this Class Action Complaint or file a DOE statement to allege the true names and capacities of DOES 1 through 300, inclusive, when they are ascertained. Apple and DOES 1 through 300 are collectively referred to as "Defendants."

10.     Stacey Walker and Tyler Walker are each informed and believe, and based upon that information and belief allege, that each of the defendants named in this Class Action Complaint, including DOES 1 through 300, are responsible in some manner for one or more of the events that proximately caused the injuries and damages hereinafter alleged.

11.     Stacey Walker and Tyler Walker are informed and believe, and based upon that information and belief allege, that each defendant named in this Class Action Complaint, including DOES 1 through 300, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to *inter alia* damage Stacey Walker, Tyler Walker, and Plaintiff Class (defined below), and to otherwise consciously and or recklessly act in derogation of Plaintiff Class's rights and the trust reposed by Plaintiff Class in each of said Defendants, said acts being negligently and or intentionally inflicted.  Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiff Class's information and belief, and to all appearances, Defendants, and each of them, represented a unified body so that the actions of one defendant was accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other defendants.

///

-3-

Ex. A 000005

1        12.    Stacey Walker and Tyler Walker are informed and believe, and based upon that

2    information and belief allege, that each of the defendants named in this Class Action Complaint,

3    including DOES 1 through 300, inclusive, are, and at all times mentioned herein were, the agent,

4    servant, alter ego, and or employee of each of the other defendants and that each defendant was

5    acting within the course of scope of his, her, or its authority as the agent, servant and or employee

6    of each of the other defendants.  Consequently, each of the defendants are jointly and severally

7    liable to Stacey Walker, Tyler Walker, and Plaintiff Class for the damages incurred as a proximate

8    result of their conduct.

9                        **FACTUAL ALLEGATIONS**

10       13.    Plaintiff Stacy Walker brings this Class Action against Defendants to recover, for

11   Defendants' failure to furnish a wage deduction statement at the end of her employment, interest,

12   attorneys' fees, penalties, costs, and expenses on behalf of herself and Plaintiff Class.  Ms. Walker

13   reserves all rights to name additional representatives.

14       14.    Plaintiff Tyler Walker brings this Class Action against Defendants to recover, for

15   Defendants' failure to furnish a wage deduction statement at the end of his employment, interest,

16   attorneys' fees, penalties, costs, and expenses on behalf of himself and Plaintiff Class.  Mr.

17   Walker reserves all rights to name additional representatives.

18       15.    Stacy Walker is a former non-exempt employee of Defendants within the four (4)

19   years preceding the filing of this action.  Tyler Walker is a former non-exempt employee of

20   Defendants within the four (4) years preceding the filing of this action.

21       16.    At all times, Stacy Walker, Tyler Walker, and members of Plaintiff Class (defined

22   below) were classified as "non-exempt" under the applicable Industrial Wage Commission Orders,

23   California Code of Regulations, and California Labor Code.

24       17.    Defendants have a uniform policy and practice of furnishing wage statements to

25   their non-exempt, California employees electronically through "myPage".  Defendants give their

26   non-exempt California employees access to "myPage" to view such things as wage statements

27   during their employment.  But, when Defendants' employment relationship with those non-exempt

28   employees ends, Defendants' policy and practice is to immediately terminate those employees'

-4-

CLASS ACTION COMPLAINT FOR DAMAGES

1   access to "myPage". By virtue of Defendants terminating those employees' access to "myPage",

2   Defendants also terminate those employees' access to their wage statements, including their final

3   pay wage statements. Stacey Walker and Tyler Walker are informed and believe that Defendants

4   terminate "myPage" access before ever issuing final pay wage statements and did not issue timely

5   wage statements by any other means.

6       18.    Stacy Walker worked for Defendants at Defendants' Carlsbad location from around

7   July 2012 through October 2014. During Stacy Walker's employment, Defendants furnished

8   wage statements to her through "myPage" and paid her by direct deposit.

9       19.    When Stacey Walker's employment ended, Defendants should have furnished a

10   final pay wage statement and her final pay immediately. Defendants, however, paid Stacey

11   Walker through direct deposit approximately one week later.

12       20.    Defendants also did not furnish Stacey Walker a final pay wage statement

13   electronically. Though Defendants granted Stacey Walker access to "myPage" during her

14   employment, once her employment ended, Defendants immediately terminated her access. The

15   result of this is not simply that Ms. Walker lost access to wage statements already furnished to her,

16   but she had no access to any final pay wage statement.

17       21.    Stacey Walker believes that Defendants terminated her access to "myPage" before

18   Defendants ever issued a final pay wage statement to her—if Defendants issued one at all. Thus,

19   Defendants never furnished Stacey Walker a final pay wage statement through "myPage".

20       22.    To date, Defendants have not furnished Stacey Walker with a final pay wage

21   statement in any format whatsoever.

22       23.    Tyler Walker worked for Defendants at Defendants' Carlsbad location for

23   approximately two years until his employment ended on December 30, 2014. During Tyler

24   Walker's employment, Defendants furnished wage statements to him through "myPage" and paid

25   him by direct deposit.

26   ///

27   ///

28   ///

-5-

CLASS ACTION COMPLAINT FOR DAMAGES

Ex. A 000007

24.   Before his employment with Defendants ended, Tyler Walker gave more than 72 hours' notice of his intention to quit. Thus, when Tyler Walker's employment ended, Defendants should have furnished him a final pay wage statement and final pay immediately. Defendants, however, paid Tyler Walker by direct deposit the next day.

25.   When Tyler Walker's employment with Defendants ended, Defendants terminated his access to "myPage", thereby cutting off his access to the wage statements Defendants already furnished to him. Not only that, but when Defendants cut off Tyler Walker's access to "myPage", Defendants had not yet furnished him final pay wage statement through "myPage". Thus, Defendants did not furnish Tyler Walker his final pay wage statement through "myPage". And, Defendants still have never furnished Tyler Walker a final pay wage statement in any format.

26.   Stacey Walker, Tyler Walker, and Plaintiff Class are informed, believe, and thereon allege that the acts and omissions alleged herein were performed by, and or attributable to, all Defendants, each acting as agents and or employees, and or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and or direction and control.

27.   As a direct and proximate result of Defendants' unlawful actions, Stacey Walker, Tyler Walker, and Plaintiff Class have been damaged.

## CLASS ALLEGATIONS

28.   This class action is properly brought under the provisions of California Code of Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure, which have been adopted by the California Supreme Court for use by the trial courts of this State.

29.   Stacey Walker and Tyler Walker each bring this class action on behalf of themselves and all others similarly situated, with Stacey Walker and Tyler Walker proceeding as the representative members of the following class, defined as follows:

> All current, former, or prospective employees of Defendants in the State of California who worked for Defendants from April 17, 2011 up to and including the time of trial for this matter who Defendants did not provide an itemized final pay wage statement showing wage deductions to in violation of the California Labor Code and applicable wage orders. ("Plaintiff Class".)

-6-

Ex. A 000008

1  Stacey Walker, Tyler Walker, and Plaintiff Class reserves the right under California Rules

2  of Court, Rule 3.765 to amend or modify the class descriptions with greater specificity or further

3  division into subclasses or limitation to particular issues.

4  30. This action has been brought and may properly be maintained as a class action,

5  under the provisions of California Code of Civil Procedure section 382, because a well-defined

6  community of interest in the litigation exists and  because the proposed class is easily

7  ascertainable, and for the other reasons explained in this Class Action Complaint.

8  31. The persons who comprise Plaintiff Class are so numerous that joinder of all such

9  persons would be unfeasible and impracticable.  The membership of the entire Plaintiff Class

10  consists of thousands.

11  32. Common questions of fact and law arising out of Defendants' conduct, as described

12  in this Class Action Complaint, as well as Defendants' continued practice of engaging in illegal

13  payroll policies as to all members of Plaintiff Class exist.  This action focuses on Defendants'

14  systematic course of illegal payroll practices and policies, which Defendants applied to all non-

15  exempt employees in violation of the California Industrial Welfare Commission Wage Orders,

16  California Code of Regulations, the California Labor Code, and the California Business and

17  Professions Code, which prohibits unfair business practices arising from such violations.

18  33. Furthermore, these common questions of law and fact predominate over questions

19  affecting only individual members, including (without limitation):

20  a. Whether Defendants' final paycheck policy was facially compliant under California
   law;

21

22  b. Whether Defendants failed to furnish final pay wage statements in violation of
   California Labor Code section 226.

23  c. Whether Defendants paid penalties for failing to furnish final pay wage statements
   to the Plaintiff Class in violation of California Labor Code section 226.

24

25  34. Defendants' defenses, to the extent that any such defense is applied, apply

26  generally to Plaintiff Class and are indistinguishable from individual claims.

27  35. Stacey Walker's and Tyler Walker's claims are typical of the claims for the

28  members of Plaintiff Class as a whole, each of whom has incurred and or will incur damages,

-7-

Ex. A 000009

1 | including irreparable harm, as a proximate or legal result of the common course of Defendants'
2 | common course of conduct as complained of in this Class Action Complaint. Stacey Walker's and
3 | Tyler Walker's claims are typical of the claims of members of Plaintiff Class because Defendants
4 | subjected each of their non-exempt employees to identical violations of the California Industrial
5 | Welfare Commission Wage Orders, California Code of Regulations, California Labor Code, and
6 | California Business and Professions Code, which prohibits unfair business practices arising from
7 | such violations.

8 | 36.   Stacey Walker and Tyler Walker, each on behalf of themselves and all others
9 | similarly situated, will fairly and adequately protect the interests of all members of Plaintiff Class,
10 | in connection with which they have each retained attorneys. Stacey Walker and Tyler Walker are
11 | each able to fairly and adequately protect the interests of all members of Plaintiff Class because it
12 | is in each of their best interests to prosecute the claims alleged herein to obtain full compensation
13 | due to each of them for all services rendered and hours worked. Further, counsel for Stacey
14 | Walker and Tyler Walker are adequate class counsel as they have previously certified, litigated,
15 | and tried many other wage and hour class actions.

16 | 37.   Under the facts and circumstances above, class action proceedings are superior to
17 | any other method available for both fair and efficient adjudication of the rights of each class
18 | member who has, or in the past was, a non-exempt employee, inasmuch as joinder of individual
19 | members of Plaintiff Class is not practical and, if the same were practical, said members of
20 | Plaintiff Class could not individually afford the litigation, such that individual litigation would be
21 | inappropriately burdensome, not only to said citizens, but also the courts of the nation.

22 | 38.   To process individual cases would increase both the expenses and the delay not
23 | only to class members, but also to Defendants and the Court. In contrast, a class action of this
24 | matter will avoid case management difficulties and provide multiple benefits to the litigating
25 | parties, including efficiency, economies of scale, unitary adjudication with consistent results, and
26 | equal protection of the rights of each class member, all by way of the comprehensive and efficient
27 | supervision of the litigation by a single court.

28 | ///

39.     A community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Plaintiff Class, exists.

40.     A community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of Plaintiff Class for the injuries sustained exists.

41.     Notice of the pendency and any result or resolution of the litigation can be provided to members of Plaintiff Class by the usual forms of publication or such other methods of notice as deemed appropriate by the Court.

42.     Without class certification, the prosecution of separate actions by individual members of Plaintiff Class would create a risk of:

      a.   Inconsistent or varying adjudications with respect to individual members of Plaintiff Classes that would establish incompatible standards of conduct for Defendants; or

      b.   Adjudications with respect to the individual members of Plaintiff Classes that would, as a practical matter, be disparities of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION
## FAILURE TO FURNISH WAGE STATEMENTS AT END OF EMPLOYMENT
(Against All Defendants)
[IWC Wage Order 4-2001(7)(B); 8 C.C.R. § 11040(7)(B)
Cal. Labor Code §§ 226, 226.3]

43.     Stacey Walker, Tyler Walker, and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this Class Action Complaint.

44.     Stacey Walker, Tyler Walker, and Plaintiff Class allege this cause of action against Defendants.

45.     IWC Wage Order 4-2001(7)(B), California Code of Regulations, Title 8, section 11040(7)(B), and California Labor Code section 226(a) require Defendants, at the time wages are paid, to furnish their employees with a statement showing all deductions made to those wages.

-9-

Ex. A 000011

46.    Defendants' pay practices and policies were such that when the employment relationship between Defendants and their employees ended, Defendants did not furnish any wage deduction statements at the end of employment.

47.    When Stacey Walker's, Tyler Walker's, and other members of Plaintiff Class's employment relationship with Defendants ended, Defendants terminated their access to "myPage" and thus terminated any access to final pay wage deduction statements Defendants may have furnished.  And Defendants terminated "myPage" access to Stacey Walker, Tyler Walker, and members of Plaintiff Class before Defendants made any of their final pay wage deduction statements available on "myPage".  As a result, Defendants did not furnish final pay wage deduction statements to Stacey Walker, Tyler Walker, or any members of Plaintiff Class through "myPage".

48.    Further, Defendants never furnished final pay wage deduction statements to Stacey Walker, Tyler Walker, or any other members of Plaintiff Class in any other manner.

49.    Defendants' unlawful pay practices of failing to furnish Stacey Walker, Tyler Walker, and Plaintiff Class final pay wage statements, Defendants have violated California Labor Code sections 226(a).

50.    Defendants knowingly and intentionally failed to furnish wage deduction statements to Stacey Walker, Tyler Walker, and Plaintiff Class.  Defendants' failure to comply with California Labor Code section 226 caused injury to Stacey Walker, Tyler Walker, and Plaintiff Class in an amount currently unascertainable.

51.    Because Defendants have knowingly and intentionally failed to comply with California Labor Code section 226, Stacey Walker, Tyler Walker, and Plaintiff Class are entitled to receive the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), for one year preceding the filing of this action, and are entitled to an award of costs and reasonable attorney's fees under California Labor Code section 226(e).

///

CLASS ACTION COMPLAINT FOR DAMAGES

1  |  52.  Also, because Defendants have knowingly and intentionally failed to comply with

2  California Labor Code section 226, Stacey Walker, Tyler Walker, and Plaintiff Class are

3  separately entitled to collect civil penalties "in the amount of two hundred fifty dollars ($250) per

4  employee per violation in an initial citation and one thousand dollars ($1,000) per employee for

5  each subsequent citation, for which the employer fails to provide the employee a wage deduction

6  statement or fails to keep the records required in subdivision (a) of Section 226." (Cal. Labor Code

7  § 226.3.)

8

9  **SECOND CAUSE OF ACTION**
   **FOR UNFAIR COMPETITION**
   (Against All Defendants)

10  [California Business & Professions Code §§17200, *et. seq.*]

11  |  53.  Stacey Walker, Tyler Walker, and Plaintiff Class re-allege and incorporate by

12  reference, as though fully set forth herein, all of the preceding paragraphs of this Class Action

13  Complaint.

14  |  54.  Stacey Walker and Tyler Walker, on behalf of themselves and the members of

15  Plaintiff Class and the general public allege this cause of action against Defendants.

16  |  55.  By and through the conduct described above, Stacey Walker, Tyler Walker, and

17  member of Plaintiff Class, and all persons similarly situated, have been deprived and injured.

18  |  56.  A violation of the California Labor Code is an "Unfair Business Practice."

19  |  57.  By and through their unfair, unlawful, and or fraudulent business practices

20  described herein, Defendants have obtained valuable property, money, and services from Stacey

21  Walker, Tyler Walker, and members of Plaintiff Class, and all persons similarly situated, and have

22  deprived Stacey Walker, Tyler Walker, and members of Plaintiff Class and all persons similarly

23  situated, of valuable rights and benefits guaranteed by law, all to their detriment.

24  |  58.  All of the acts described herein as violations of, among other things, the California

25  Labor Code, California Code of Regulations, and Industrial Welfare Commission Wage Orders,

26  are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive,

27  fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business

28  practices in violation of California Business and Professions Code sections 17200, *et seq.*

-11-

CLASS ACTION COMPLAINT FOR DAMAGES

Ex. A 000013

59.     Stacey Walker, Tyler Walker, Plaintiff Class, and all persons in interest, are entitled to, and do seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Stacey Walker, Tyler Walker, and Plaintiff Class have been deprived, by means of the above-described unfair, unlawful and or fraudulent business practices.

60.     Stacey Walker, Tyler Walker, and Plaintiff Class are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful, and or fraudulent business practices in the future.

61.     Stacey Walker, Tyler Walker, and Plaintiff Class have no plain, speedy, and or adequate remedy at law to redress the injuries which they have suffered as a consequence of Defendants' unfair, unlawful and or fraudulent business practices.  As a result of the unfair, unlawful, and or fraudulent business practices described above, Stacey Walker, Tyler Walker, and Plaintiff Class have suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful, and or fraudulent business practices.

62.     Stacey Walker, Tyler Walker, and Plaintiff Class also allege that if Defendants are not enjoined from the conduct set forth herein above, Defendants will continue to fail to provide their employees with wage statements.

63.     Stacey Walker, Tyler Walker, and Plaintiff Class request that the Court issue a preliminary and permanent injunction prohibiting Defendants, and each of them, from continuing to terminate employees' access to wage statements issued electronically by Apple at the end of the employment relationship.

64.     Stacey Walker, Tyler Walker, and Plaintiff Class also request that the Court order the Defendants to, as restitution, disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of California Business & Professions Code sections 17200, *et seq.*

///

///

-12-

Ex. A 000014

65. Stacey Walker, Tyler Walker, and Plaintiff Class also request an order that Defendants identify, locate and make restitution to affected members of the general public nationwide, and specifically subscribers to the registry, all funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, under California Business & Professions Code section 17203.

66. Stacey Walker, Tyler Walker, and Plaintiff Class also request an order that Defendants disgorge any profits arising from acts of unfair competition.

67. For the four (4) years preceding the filing of this action, as a result of Defendants' unfair business practices, Stacey Walker, Tyler Walker, and Plaintiff Class have incurred damages, and request damages and or restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION
### PRIVATE ATTORNEY GENERAL ACT
(As against all Defendants)
[Cal. Labor Code §§ 2698, *et. seq.*]

68. Stacey Walker, Tyler Walker, and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this Class Action Complaint.

69. Under California Labor Code section 2699, any civil penalties for California Labor Code violations may be assessed by the Labor and Workplace Development Agency ("LWDA"). Alternatively, any former or current employee may notify the LWDA in writing of the alleged labor code violations. If no notice from the LWDA is received after a period of 33 days, a civil action may be commenced by any current and certain former employees.

70. Under California Labor Code section 226, Defendants must furnish an accurate itemized wage statement semimonthly or at the time of the payment of wages showing amongst other things deductions taken from wages. Defendants violated Section 226 when they failed to provide Stacey Walker, Tyler Walker, and members of Plaintiff Class final pay wage statements at all. Further, Defendants' failure to provide Stacey Walker, Tyler Walker, and members of

-13-

Ex. A 000015

1    Plaintiff Class final pay wage statements showing the deductions taken from that final pay violates

2    California Labor Code section 226.3. As a result, Stacey Walker and Tyler Walker are aggrieved

3    employees under California Labor Code section 2699(c).

4    71.   Stacey Walker and Tyler Walker gave written notice by certified mail to the

5    LWDA and Defendants of Defendants' violations of California Labor Code sections 226 and

6    226.3, including the factual and legal bases for those claims.

7    72.   Stacey Walker and Tyler Walker will amend this Class Action Complaint as a

8    matter of right once the LWDA has informed them that the LWDA does not intend to investigate

9    the claims identified here, or after 33 days from the date of mailing of notice of their claims has

10   passed if the LWDA does not issue a notice of its intent to investigate those claims. (*See* Cal.

11   Labor Code § 2699.3.)

12   73.   Stacey Walker and Tyler Walker are entitled to recover civil penalties under

13   California Labor Code section 2699(f), for Defendants' California Labor Code violations as

14   described above. Therefore, Stacey Walker and Tyler Walker each seek to represent all current

15   and former non-exempt employees of Apple within the State of California entitled to civil

16   penalties under California Labor Code section 2699(f).

17   74.   As a result of Defendants' California Labor Code violations, Stacey Walker and

18   Tyler Walker are entitled to reasonable attorneys' fees and costs under California Labor Code

19   section 2699(g)(1).

20   **PRAYER FOR RELIEF**

21   WHEREFORE, Stacey Walker, Tyler Walker, and members of Plaintiff Class pray for

22   judgment as follows:

23   1.   that the Court determine that this action may be maintained as a class action;

24   2.   for nominal damages;

25   3.   for compensatory damages;

26   4.   For penalties under California Labor Code sections 226, 226.3, and 2699(f);

27   5.   for declaratory relief as described herein;

28   6.   for injunctive relief as described herein;

-14-

Ex. A 000016

7. for interest accrued to date;

8. for costs of suit and expenses incurred herein under California Labor Code sections 226 and 2699(g);

9. For reasonable attorneys' fees under California Labor Code sections 226 and 2699(g); and

10. For all such other and further relief the Court may deem just and proper.

Dated: April 17, 2015                          **HOGUE& BELONG**

By

JEFFREY L. HOGUE, ESQ.
TYLER J. BELONG, ESQ.
BRYCE A. DODDS, ESQ.
DREW R. FERRANDINI, ESQ.
Attorneys for Plaintiffs

-15-

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs Stacey Walker and Tyler Walker hereby demand a jury trial.

Dated:  April 17, 2015

**HOGUE& BELONG**

By:

JEFFREY L. HOGUE, ESQ.
TYLER J. BELONG, ESQ.
BRYCE A. DODDS, ESQ.
DREW R. FERRANDINI, ESQ.
Attorneys for Plaintiffs

-16-

Ex. A 000018

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Bryce A. Dodds (SBN 283491)<br>HOGUE & BELONG<br>430 Nutmeg Street, Second Floor<br>San Diego, CA 92103<br>TELEPHONE NO.: (619) 238-4720   FAX NO.: (619) 238-5260<br>ATTORNEY FOR (Name): Stacey Walker and Tyler Walker | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/17/2015** at 04:50:34 PM<br><br>Clerk of the Superior Court<br>By Justin Jones, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92103
BRANCH NAME: Central - Hall of Justice

CASE NAME:
Walker v. Apple Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2015-00012943-CU-OE-CTL |
| | | | JUDGE: Judge Ronald L. Styn | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 17, 2015
Bryce A. Dodds
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Ex. A 000019

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Ex. A 000020

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7062 | |

| PLAINTIFF(S) / PETITIONER(S): Stacey Walker et.al. |
|---|

| DEFENDANT(S) / RESPONDENT(S): Apple Inc |
|---|

| STACEY WALKER VS. APPLE INC [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2015-00012943-CU-OE-CTL |

## CASE ASSIGNMENT

Judge: Ronald L. Styn                                    Department: C-62

**COMPLAINT/PETITION FILED:** 04/17/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/02/2015 | 10:00 am | C-62 | Ronald L. Styn |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Ex. A 000021



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

**Page: 2**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2015-00012943-CU-OE-CTL   CASE TITLE:
Stacey Walker vs. Apple Inc [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Ex. A 000023



**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Stacey Walker et.al. |
|---|
| DEFENDANT(S): Apple Inc |
| SHORT TITLE: STACEY WALKER VS. APPLE INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2015-00012943-CU-OE-CTL |
|---|---|

Judge: Ronald L. Styn                                    Department: C-62

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                 Name of Defendant

_____        _____
Signature                                         Signature

_____        _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____        _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/20/2015                        _____
                                         JUDGE OF THE SUPERIOR COURT

Ex. A 000025